### ADKINS v. ADDISON et.

Common Pleas Court, Franklin County.

No. 173752.   Decided May 31, 1950.

L. P. Henderson, Columbus, for plaintiff.
Marion Ross, Columbus, for defendant.

## OPINION

By REYNOLDS, J.

In this action plaintiff is seeking partition of certain real estate in the city of Columbus in which he claims to be the owner in fee of an undivided half interest and the defendant the owner of the other half. The Home Owners Loan Corporation holds a mortgage on the entire premises and the Division of Aid for the Aged holds a trust mortgage given to it by Anna M. Addison, on her application for old age pension, and by reason of same and the money advanced to the said Anna M. Addison by the Division of Aid for the Aged, said department has a lien on the said property, which had belonged to Anna M. Addison.

Anna M. Addison was the mother of plaintiff and she died intestate, leaving defendant her husband, and plaintiff as her only heirs, and it is as such that the parties each inherited a one-half interest in the premises, subject, of course, to the liens aforesaid.

In his answer to plaintiff's petition defendant Addison alleges that by the trust agreement between Anna M. Addison and the Division of Aid for the Aged, he was to have the use and enjoyment of the property during his lifetime.

In a cross-petition he seeks to recover for money loaned by him to plaintiff in 1921 and for support of plaintiff's daughter for 18 years beginning in 1921.

A demurrer to the cross-petition was overruled by another branch of this court for the reason that it did not appear from the pleading that the claims were barred by the statute of limitations.

In his reply plaintiff denies that there was any provision in the trust agreement whereby defendant Addison was to have the use and enjoyment of the trust property after the death of the grantor and asks for an accounting of the rents and profits of the property, which defendant has occupied since the death of Mrs. Addison in 1945.

It now appears that there has nothing taken place since the obligations set out in defendant's cross-petition became due which tolled the running of the statute of limitations and the court can therefore not allow these claims as against plaintiff's right to partition.

Sec. 1359-6 GC, provides as follows:

"Any applicant for or recipient of aid, or his or her spouse who is the owner of any interest in real or personal property * * * may convey, transfer, assign or mortgage such property to the Division of Aid for the Aged in trust, reserving to the recipient of aid and his or her spouse the right to use or reside upon any such real property for life; and upon the

death of either, leaving a surviving wife or husband who is eligible for aid, the right of the survivor likewise to use or reside upon said property for life. All real property assigned to the Division in trust under this section or any other section of law shall be conveyed to the division by a deed of trust or trust mortgage which instruments shall be construed as a conveyance in the nature of a mortgage and not as an unconditional transfer of title."

It is the contention of counsel for plaintiff that since the trust deed made no specific reservation in favor of defendant that there can be no right in said defendant to occupy the property during his life.

The argument is advanced that the reservation in favor of the surviving spouse is permissive only and that unless the reservation is specifically stated, that there is no such right.

The court cannot agree with this interpretation of the statute. It provides that an applicant **may** convey, assign, etc. property to the Division in trust, reserving to the recipient and his or her surviving spouse the right to reside upon the real property for life.

The permission relates to the conveyance and not to the reservation.

An examination of the Trust Deed in question discloses that no specific reservation even in favor of the grantor is contained in the deed, but the reservation is a matter of law, as evidenced by the following in the habendum clause of the trust deed:

"To have and to hold with all the privileges and appurtenances thereunto belonging to the said Division of Aid for the Aged as Trustee, its assigns and successors in trust forever, but for the uses and purposes and upon the trusts as set forth in §1359 et seq, GC.

The said Division of Aid for the Aged as Trustee is hereby given and shall have power to sell all or any part of said property on the death of the grantor herein, providing the surviving spouse is not entitled to aid."

It is clear, therefore, that upon any transfer to the Division of Aid for the Aged, a reservation in favor of the grantor and his or her spouse is provided by statute, and this is the interpretation adopted and followed by the department. It is also in keeping with the purpose of the law which is to care for aged and needy persons and insure them homes during the latter years of their lives when otherwise they might become completely dependent on public care.

Since Mrs. Addison died in March of 1945, and the Department of Welfare made no effort to realize on its security as provided in §1359-6 (b) GC, but permitted the surviving

spouse of the grantor of the trust agreement to occupy the premises without any interference, it must be concluded that the Department considered him eligible for aid. While counsel in his brief argues that defendant is not eligible for aid and therefore not entitled to occupy the premises after the death of the recipient of aid under the statute, no issue of their claim was made in the pleadings, and nothing in the record supports the claim.

It is therefore the conclusion of the court that under the statutory provision of §1359-6 GC, to which specific reference was made in the deed of Anna M. Addison to the Division of Aid for the Aged, defendant Thomas Addison is to have the use and enjoyment of the premises during his life and that therefore plaintiff is not entitled to have partition of the same at this time.